UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 4:22-CR-00052-RWS |
| v. | ) |
| | ) |
| OCTAVIES CROSS, | ) |
| | ) |
| Defendant. | ) |

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are Octavies Cross (hereinafter "Defendant"), represented by defense counsel, Scott Krischke and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court neither is a party to nor bound by this agreement.

2. **GUILTY PLEA:**

   a. **The Plea:** Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Count One of the indictment, the United States agrees that no further federal prosecution will be brought in this District relative to Defendant's violation of federal law, known to the United States at this time, arising out of the

Page **1** of **10**

events set forth in the indictment.

    b.    **The Sentence:**  The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

3.    **ELEMENTS:**

    a.    Defendant admits to knowingly violating Title 18, United States Code, Section 751(a), admits there is a factual basis for the plea, and fully understands that the elements of the crime are:

    (1)    Defendant was in the custody of the Attorney General, or his authorized representative, while confined at Dismas House of St. Louis;

    (2)    The confinement was by virtue of his conviction for being a felon in possession of a firearm in the United States District Court for the Eastern District of Missouri in Case Number: 4:19-CR-00926-JAR;

    (3)    Defendant left custody without authorization; and,

    (4)    Defendant knew that he was leaving custody without authorization.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On August 28, 2020, the Defendant was sentenced to 30 months relative to a conviction of being a Felon in Possession of a firearm (Cause No. 19-CR-00926). After serving a portion of his sentence with the Bureau of Prisons, on October 22, 2021, he was transferred to Dismas House, located in St. Louis, MO where he was scheduled for release on February 28, 2022. On February 4, 2022, at approximately 1:35am, the Defendant walked out of the front door of the facility without authorization.

Defendant was in the custody of the Attorney General, by and through his authorized representative, while confined at Dismas House, and knew that he had left the custody of the Attorney General, without authorization, when he escaped on February 4, 2022.

5. **STATUTORY PENALTIES:**

   a. **Statutory Penalties**: Defendant fully understands that the maximum possible penalty provided by law for the crime to which Defendant is pleading guilty is imprisonment of not more than five years, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL**

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total

Offense Level provisions:

    a.    **Chapter 2 Offense Conduct**:

        (1)    **Base Offense Level**: The parties agree that the Base Offense Level is thirteen (13) as found in Section 2P1.1(a)

        (2)    **Specific Offense Characteristics**: The parties agree that a four (4) level decrease should apply pursuant to Section 2P1.1(b)(3).

    b.    **Chapter 3 Adjustments:**

        (1) **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Section 3E1.1(a), because Defendant has clearly demonstrated acceptance of responsibility. The parties agree that Defendant's eligibility for this deduction is based upon information presently known.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

    c.    **Estimated Total Offense Level**: Based on these recommendations, the parties

estimate that the Total Offense Levels are as follows:

    (1)    The parties agree that the Total Offense Level is based on the Base Offense Level is seven (7) as determined pursuant to Section 2P1.1(a).

    d.    **Criminal History:**  The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category. Defendant's criminal history is known to him and is substantially available in the Pretrial Services Report.

    f.    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7.    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    a.    **Appeal:**  Defendant has been fully apprised by defense counsel of Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    (1)    **Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

    (2)    **Sentencing Issues:**  In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences Defendant within or below that range, then, as part of this agreement, Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing

issues other than Criminal History, provided the Court accepts the plea, determines a Sentencing Guidelines range, and sentences Defendant within or above that range.

b. **Habeas Corpus:** Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records:** Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

a. **Disclosures Required by the United States Probation Office:** Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against Defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on Defendant to which

Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

   d.  **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

   e.  **Possibility of Detention:** Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

   f.  **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

   g.  **Forfeiture:** Defendant agrees to forfeit all of Defendant's interest in all items seized by law-enforcement officials during the course of their investigation. Defendant admits that all United States currency, weapons, property and assets seized by law enforcement officials during their investigation constitute the proceeds of Defendant's illegal activity, were commingled with illegal proceeds or were used to facilitate the illegal activity. Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the government

and to rebut the claims of nominees and/or alleged third party owners. Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9.   **ACKNOWLEDGMENT AND WAIVER OF DEFENDANT'S RIGHTS:**

In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant fully understands that he has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence, discussed the United States' case, all possible defenses, and defense witnesses with defense counsel. Defense counsel has completely, and satisfactorily, explored all areas that Defendant has requested relative to the United States' case,

and any defenses.

The guilty plea could impact Defendant's immigration status or result in deportation. In particular, if any crime to which Defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised Defendant of the possible immigration consequences, including deportation, resulting from the plea.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. Defendant further acknowledges that this guilty plea is made of Defendant's own free will and Defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in

07/08/2022 FRI 14:15 FAX ☒001/001

its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

8/1/22
Date

ASHLEY M. WALKER, # 67175 MO
Assistant United States Attorney

7/8/22
Date

OCTAVIES CROSS
Defendant

7/8/2022
Date

SCOTT KRISCHKE
Attorney for Defendant